UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SUMMIT REAL ESTATE GROUP, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>Defendants. | Case No. 2:15-cv-00760-KJD-GWF<br><br>**<u>ORDER</u>** |

Before the Court are Cross-Motions for Summary Judgment filed by Plaintiff Summit Real Estate Group (#56) and Defendants Federal Home Loan Mortgage Corporation (Freddie Mac) and M&T Bank (#58). Each party has filed their related responses (##64, 66) and replies (##63, 65).

This case examines whether the so-called Federal Foreclosure Bar of 12 U.S.C. § 4617(j)(3) nullified the otherwise valid non-judicial foreclosure of a property located at 4525 S. Dean Martin Drive, Unit 2211 in Las Vegas, Nevada. Plaintiff Summit Real Estate Group purchased the Dean Martin property at a HOA-foreclosure sale in January of 2013. It then sought to quiet title arguing that NRS § 116—Nevada's superpriority lien scheme—extinguished any outstanding liens on the property, including the defendants'. Defendants Freddie Mac and M&T Bank countered that the Federal Foreclosure Bar preempted the HOA's foreclosure and therefore prevented extinguishment of Freddie Mac's interest in the property.

The Federal Foreclosure Bar is a part of Congress's response to the undercapitalization of the Federal Home Loan Mortgage Corporation (Freddie Mac) and Federal National Mortgage Association (Fannie Mae). In 2008, Congress passed the Housing and Economic Recovery Act to protect Fannie Mae and Freddie Mac assets from foreclosure. Among other things, the Act

created the Federal Housing Finance Agency (FHFA) and vested the agency with authority to place Freddie Mac and Fannie Mae into conservatorship. Once under Agency conservatorship, Freddie Mac and Fannie Mae assets received federal protection from nonconsensual foreclosure. To warrant this federal protection, Freddie Mac must demonstrate (1) that it is under the conservatorship of the Federal Housing Finance Agency; (2) that it had a valid property interest in the Dean Martin property at the time of the HOA foreclosure; and (3) that it did not consent to that foreclosure. The Court finds that Freddie Mac has demonstrated each requirement. Accordingly, § 4617(j)(3) barred extinguishment of Freddie Mac's lien, and the Court grants Freddie Mac's Motion for Summary Judgment.

## I. Factual and Procedural Background

In January of 2007, Mitchell Laborwit borrowed $425,160 to purchase a condominium in the Panorama Towers located at 4525 S. Dean Martin Drive, Unit 2211 in Las Vegas, Nevada. (# 56 at 3). As a part of the Panorama Towers Condominium Unit Owners Association, the property was subject to the association's recorded Covenants, Conditions, and Restrictions ("CC&Rs"). Id. Laborwit financed the purchase through Bank of America and secured the loan with split deeds of trust reflecting Bank of America's interest in the property. Id. Freddie Mac claims that it purchased Laborwit's loan from Bank of America in May of 2007. (#60 at 3) (Williams Declaration). It also claims that Freddie Mac never relinquished its interest in the loan and owns it to this day. Id. Summit disputes this and claims that the loan did not change ownership until 2012 when the larger of Bank of America's deeds of trust was assigned to M&T Bank. (#56 at 3).

In 2012, Laborwit defaulted on his mortgage obligations and HOA assessments. (#56 at 4). Those defaults prompted two separate foreclosure proceedings: one by Laborwit's HOA to recover delinquent assessments and one by M&T Bank to recover the defaulted loan balance. Id. The HOA struck first and filed a notice of default and election to sell. Id. Summit purchased the home at the ensuing foreclosure auction. Id. Five months later, M&T Bank initiated its own foreclosure proceedings. Id. Those proceedings culminated in the second sale of the property to Freddie Mac. Id. Freddie Mac recorded its deed of trust in July of 2013. Id.

1    Summit then brought this action in state court seeking to quiet title in the property and a declaration that its interest was superior to all others. (#1, Exh. 2). Summit initially named M&T Bank and former-owner Mitchell Laborwit as defendants. Id. Later, it amended its complaint to add Freddie Mac. Id. at Exh. 5. Freddie Mac moved to dismiss Summit's complaint, which the state court granted. Id. at 4–5. However, during the subsequent appeal, the parties agreed to remand the case to state court. Id. Freddie Mac then removed the case to this Court. (#1). Shortly after removal, the Ninth Circuit issued Bourne Valley Court Trust v. Wells Fargo Bank, which declared NRS § 116 facially unconstitutional. 832 F.3d 1154 (9th Cir. 2016). Given Bourne Valley's impact on Nevada foreclosure litigation and expecting the Ninth Circuit to rehear the case en banc, the parties agreed to stay their case pending a final determination by the Ninth Circuit. (#43). In early 2018, the parties agreed to lift the stay and set deadlines for dispositive motions. (#55). They then filed Cross-Motions for Summary Judgment (##56, 58) to which the Court now turns.

**II.  Legal Standard**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celtoex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party meets that burden, the burden shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fishbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

### III. Analysis

Freddie Mac's interest in the Dean Martin property is preserved by the Federal Foreclosure Bar of 12 U.S.C. § 4617(j)(3). Accordingly, the HOA's foreclosure was invalid absent Freddie Mac's affirmative consent. It is settled law in this Circuit that § 4617's Federal Foreclosure Bar preempts any state law that would extinguish Freddie Mac's verifiable property interest without its consent. See Berezovksy v. Moniz, 869 F.3d 923, 926 (9th Cir. 2017) (the Federal Foreclosure Bar is a "prohibition on nonconsensual foreclosure"); Skylights LLC v. Byron, 112 F.Supp.3d 1145, 1152 (D. Nev. 2015) (the plain language of 12 U.S.C. § 4617(j)(3) bars an HOA foreclosure "regardless of the HOA lien's super-priority under state law"). Just last year, the Nevada Supreme Court joined the Ninth Circuit finding that the Foreclosure Bar preempts Nevada law. Saticoy Bay LLC v. Fed. Nat'l Mortg. Ass'n, 417 P.3d 363 (Nev. 2018).

Summit does not dispute that the Federal Foreclosure Bar generally applies to HOA-foreclosure sales under NRS § 116. Instead, it argues that the Foreclosure Bar does not prohibit this particular foreclosure because Freddie Mac did not have a valid interest in the property when the HOA foreclosed. (#56 at 11). Even if Freddie Mac did have such an interest, Summit argues, the foreclosure sale is entitled to a presumption of validity against all competing lien holders—a presumption, it contends, Freddie Mac has failed to rebut. Id. at 7. And finally, Summit claims that its status as a bona fide purchaser of the property entitles Summit to a clean title despite the Federal Foreclosure Bar. Id. at 13. The Court is not persuaded.

Whether the Federal Foreclosure Bar nullified the HOA foreclosure here effectively boils down to three factors: (1) whether Freddie Mac or Fannie Mae was under FHFA's conservatorship at the time of the foreclosure (12 U.S.C. §§ 4511, 4513); (2) whether Freddie Mac or Fannie Mae demonstrated a valid interest in the disputed property (Berezovsky, 869 F.3d at 932 n.8); and (3) whether Freddie Mac or Fannie Mae consented to the foreclosure (§ 4617(j)(3)). Here, Freddie Mac has demonstrated all three factors. Neither party disputes that Freddie Mac was under conservatorship and subject to FHFA at the time of the foreclosure.[1]

---

[1] The 2008 Housing and Economic Recovery Act classified Freddie Mac a "regulated entity" and placed it under the "direct supervision" of the Federal Housing Finance Agency. 12 U.S.C. § 4511(b)(1); Perry Capital LLC v. Mnuchin, 864 F.3d 591, 599 (D.C. Cir. 2017). The Act designated FHFA conservator over Freddie Mac's assets

- 4 -

1    Likewise, there is no evidence that Freddie Mac consented to the HOA foreclosure. As a result,
2    the only disputed issue is whether Freddie Mac owned a valid interest in the Dean Martin
3    property at the time of the HOA foreclosure.

4    Freddie Mac has demonstrated that it acquired an interest in the Dean Martin property in
5    2007 and never relinquished its ownership. Before Berezovsky, it was unclear what evidence
6    was sufficient to demonstrate a valid property interest in Foreclosure Bar cases. Compare Green
7    Tree Servicing, LLC v. Collegium Fund, LLC, No. 2:15-cv-0700-GMN-GWF, 2016 WL
8    5429652 at *3 (Sept. 27, 2016) (finding that Fannie Mae owned an interest in the disputed
9    property based on employee declarations and supporting business records) with Nationstar
10   Mortg. LLC v. D'Andrea Comm. Ass'n, No. 3:15-cv-00377-RCJ-VPC, 2017 WL 58582 at *3
11   (Jan. 4, 2017) (finding a question of fact whether Fannie Mae held a property interest after
12   examining similar employee declarations and Fannie Mae business records). However,
13   Berezovsky clarified that Freddie Mac's detailed business records along with employee
14   declarations to explain those records was enough to show genuine ownership of the disputed
15   property. 869 F.3d at 932–33.

16   Here, the Court examined the same evidence as did the Ninth Circuit in Berezovsky, and
17   it comes to the same conclusion; Freddie Mac owned an interest in this property at the time of
18   the HOA foreclosure. Freddie Mac provided internal business records from its loan status and
19   "MIDAS" databases along with declarations by two employees that summarize and explain those
20   records. (#59, Sanchez Declaration); (#60, Williams Declaration). The loan-status database and
21   the MIDAS system track the details of the millions of properties in Freddie Mac's loan portfolio.
22   Williams Declaration at 3. Importantly, the databases record when Freddie Mac purchased the
23   loan, who it purchased the loan from, and the details of any third-party servicer on the loan. Id.

24   Regarding this property, MIDAS shows that Freddie Mac purchased the loan (including
25   the deed of trust and note) on May 23, 2007. Id.; see also id., exh 1. Freddie Mac purchased the
26   loan from "Seller Number 121898" who Williams identified as Bank of America. Id. The records
27   also indicate that in February 2012, Freddie Mac assigned the deed of trust to an affiliate of

---

28   and directed the Agency to reorganize, rehabilitate, or wind up Freddie Mac's affairs. § 4617(a)(2). To this day
     Freddie Mac remains a conservatee under FHFA's direct supervision.

M&T Bank to service the loan. Id. at 3–4. Finally, the MIDAS database and William's declaration confirm that Freddie Mac still owns the loan. Id. at 3. Therefore, Freddie Mac has demonstrated that it held a valid interest in the Dean Martin Property since 2007, nearly five years before the HOA foreclosed.

Nevertheless, Summit argues that Freddie Mac—by failing to promptly record its interest in the property—surrendered that interest. Admittedly, Nevada law generally requires recording of a lien before that lien is enforceable. Berezovsky, 869 F.3d at 932 (citing NRS § 106.210). However, the recorded instrument need not list the note owner by name. Id. Often, the recorded note and the deed of trust identify different parties. This "split" between the note owner and the beneficiary recorded on the deed of trust does not void either instrument. Id. (citing Edelstein v. Bank of N.Y. Mellon, 286 P.3d 249, 259 (Nev. 2012)). It merely creates a question of which entity has authority to foreclose. Id. Principles of agency determine which party has the power to foreclose on its interest. See id. at 258–59. A principle-agent relationship arises where the note owner assigns a beneficiary but retains authority to enforce its interest through foreclosure. Berezovsky, 869 F.3d at 932.

Freddie Mac and M&T Bank shared a principal-agent relationship. Freddie Mac's relationship with its loan servicers and beneficiaries is governed by the "Guide." (#58 at 5).[2] The Guide's rules and regulations confirm that Freddie Mac retained ownership of any loan under its portfolio and had authority to direct the actions of its beneficiaries and servicers. For instance, Freddie Mac could "require the Seller or the Servicer . . . to make such . . . assignments and recordations of any of the Mortgage documents so as to reflect the interests of Freddie Mac" at any time. Freddie Mac, Single-Family Seller/Servicer Guide § 1301.10 (2019), http://www.freddiemac.com/singlefamily/pdf/guide.pdf ("The Guide"). Also, Freddie Mac could compel its agents to make assignments Freddie Mac deemed proper. Id. § 6301.6 ("Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Interest to Freddie Mac").

---

[2] Freddie Mac produced pertinent sections of the Guide in its Motion for Summary Judgment. The full guide is available to the public at http://www.freddiemac.com/singlefamily/pdf/guide.pdf.

Because M&T Bank was agent to Freddie Mac, Freddie Mac's failure to promptly record its interest did not invalidate its ownership of the disputed property.

Finally, Summit argues that its status as a bona fide purchaser who purchased the property at a valid HOA sale is entitled to a presumption of clear title. Summit's argument is a nonstarter. As stated, Berezovsky instructs that the Federal Foreclosure Bar protects Freddie Mac's property interests from nonconsensual foreclosure. 869 F.3d 923. Any state law that impedes that purpose is preempted. Id. at 931. Nevada's bona fide purchaser protections would provide Summit an end-run around the Foreclosure Bar. And so, those protections are preempted. See U.S. Bank Home Mortg. v. Jensen, No. 3:17-cv-00603 MMD-VPC, 2018 WL 3078753, at *2 (D. Nev. June 20, 2018); JP Morgan Chase Bank, N.A. v. GDS Fin. Servs., No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018) (citing Berezovsky, 869 F.3d 923).

At bottom, the Federal Foreclosure Bar preempted the HOA foreclosure of 4525 S. Dean Martin Drive, Unit 2211 because that foreclosure was based upon NRS § 116, which conflicts with 12 U.S.C. § 4617(j)(3). Freddie Mac was under the conservatorship of the FHFA at the time of foreclosure, it owned a valid interest in the property, and it did not consent. Summit's status as a bona fide purchaser of an otherwise valid foreclosure is not enough to hold otherwise. Therefore, the Court grants Freddie Mac and M&T Bank's Motion for Summary Judgment (#58).

The Court's judgment in favor of Freddie Mac and M&T Bank leaves Summit with claims against only Mitchell Laborwit, the former owner of the property. Those claims are now moot. Any interest that Mr. Laborwit held in the property was extinguished by M&T Bank's lawful foreclosure. He cannot not provide the remedy Summit seeks. Alternatively, the Court finds no evidence that Summit served Mr. Laborwit as required by FRCP 4(m). Failure to properly serve a defendant is grounds for dismissal. Therefore, the Court dismisses Summit's claims against Mr. Laborwit.

///

///

**IV. Conclusion**

Accordingly, it is **HEREBY ORDERED** that Defendants Federal Home Loan Mortgage and M&T Bank's Motion for Summary Judgment (#58) is **GRANTED**;

It is also **ORDERED** that Plaintiff Summit Real Estate Group's Motion for Summary Judgment (#56) is **DENIED**;

The Clerk of Court Shall enter **JUDGMENT** in favor of Defendants Federal Home Loan Mortgage Corporation and M&T Bank and against Summit Real Estate Group.

Dated this 22nd day of February, 2019.

_____
Kent J. Dawson
United States District Judge